No. A-CV-21-90
# Supreme Court of the Navajo Nation

---

### Kay C. Bennett, Petitioner,
### v.
### Navajo Board of Election Supervisors, Respondent.
### Decided August 14, 1990

---

## OPINION

Before TSO, Chief Justice, AUSTIN and CADMAN (sitting by designation), Associate Justices.

Casey Watchman, Esq., Crownpoint, New Mexico, for the Petitioner; and Lorene Ferguson, Esq., Navajo Nation Department of Justice, Window Rock, Arizona, for the Respondent.

Opinion delivered by TSO, Chief Justice.

This is an original petition filed by Petitioner Kay C. Bennett seeking to enjoin the Navajo Board of Election Supervisors (Board) from certifying the 1990 Navajo Nation presidential candidates, and to enjoin the August 7, 1990 Navajo Nation Primary Elections.

### I

Kay C. Bennett is an enrolled member of the Navajo Tribe. Bennett filed her official declaration of candidacy for president of the Navajo Nation on May 25, 1990.

On June 19, 1990, Board Chairman Paul Redhouse notified Bennett by letter that she did not qualify as a candidate for the office of president pursuant to the 1990 Election Code, 11 N.T.C. § 8 (A)(5). This section requires a candidate to "have served in an elected Navajo tribal office, ... or must have been employed within the Navajo tribal organization."

On June 27, 1990, Bennett wrote a letter to Chairman Redhouse requesting reconsideration of the Board's decision that she was unqualified. On July 6, 1990, the newly elected members of the Board took office. This Board has authority to make decisions on all matters related to the 1990 elections.

On July 9, 1990, Gloria Dennison, Acting Program Director, Navajo Election Administration, wrote Bennett a letter advising her that her disqualification as a candidate for president had been reaffirmed by the newly installed Board. The letter was not signed by any Board member and it did not show their vote.

On July 11, 1990, the Board certified as eligible all candidates for the office of Navajo Nation president except Bennett. On July 12, 1990, Bennett filed this petition for injunctive relief.

## II

The first issue is whether the Supreme Court can enjoin the Board from proceeding to certify 1990 candidates for the office of Navajo Nation president. This issue is moot because the certification of candidates had taken place at the time this petition for injunctive relief was filed.

## III

The only issue remaining is whether the Supreme Court can enjoin the 1990 Navajo Nation Primary Elections. As this issue concerns the jurisdiction of this Court to issue an injunction, we look to *Chuska Energy Co. v. Navajo Tax Comm'n.*, 5 Nav. R. 98 (1986), for precedent.

In *Chuska*, the Supreme Court examined the sources of the Supreme Court's power to issue an injunction. The Court first determined that 7 N.T.C. § 302 (1985) gave the Court appellate jurisdiction, but it did not grant to the Court jurisdiction to issue an injunction. Section 302 gave the Court jurisdiction to review final judgments and final orders of the district courts and certain administrative agencies. *Id.* at 99.

The Court next determined that 7 N.T.C. § 303 (1985) gave the Court original jurisdiction and appellate jurisdiction. Under its original jurisdiction, the Supreme Court has supervisory authority over lower courts. Supervisory authority permits the Court to issue extraordinary writs, which include injunctions, to the lower courts. *Id.* at 99. The Court also said that 7 N.T.C. § 303 gave the Court power to issue writs or orders "necessary and proper to the complete exercise of its jurisdiction." *Id.* The Supreme Court exercises power granted by the necessary and proper clause in conjunction with its appellate jurisdiction. Thus, the Supreme Court can use an injunction to protect the Court's jurisdiction. *Id.* The Court in *Chuska* concluded that the Supreme Court has power to issue an injunction using two sources within 7 N.T.C. § 303 (1985): its supervisory power over lower courts; and the necessary and proper clause.

Bennett's petition for injunctive relief must be examined under 7 N.T.C. § 303 and in light of this Court's decision in *Chuska*. The Supreme Court's original jurisdiction comes from "its power to issue any writs or orders ... to prevent or remedy any act of any Court or to cause a Court to act where such Court unlawfully fails or refuses to act within its jurisdiction." 7 N.T.C. § 303. This section empowers the Supreme Court with supervisory authority over the Navajo Nation district and family courts. *Chuska*, 5 Nav R. at 100. An injunction is an appropriate remedy under section 303, but the limitation is the injunction must be directed at a district or family court. Bennett's original petition requesting injunc-

tive relief must therefore allege the Supreme Court's original jurisdiction under section 303 and identify the trial court to be enjoined. *Id.*

Bennett's petition alleges that the Supreme Court is the proper forum for this action, and that the Supreme Court has subject matter and personal jurisdiction over the petition and parties. (Allegation numbered 4). Petitioner did not plead any law or authority which empowers the Supreme Court with jurisdiction to issue the requested injunction. At oral argument, Bennett was unaware of the *Chuska* decision and cited statutes and case law that had no bearing on her petition.

The Supreme Court cannot properly grant petitioner an injunction under its original jurisdiction founded at 7 N.T.C. § 303. Bennett did not identify the trial court to be enjoined. The Navajo Board of Election Supervisors is not a court for purposes of section 303.

*Chuska* also provides that the remedy of injunction is available using the "necessary and proper clause," which functions through the Supreme Court's appellate jurisdiction. 5 Nav. R. at 101. This Court may issue an injunction using the necessary and proper clause whenever "a need to preserve and protect the Supreme Court's appellate jurisdiction" arises. *Id.* at 102.

Bennett's petition does not claim a need to preserve and protect this Court's appellate jurisdiction. In fact, the petition as presented by Bennett is not concerned with protecting this Court's appellate jurisdiction. For this reason, this Court cannot properly grant an injunction using the necessary and proper clause of section 303.

In conclusion, Bennett's petition seeking injunctive relief does not fall within the Supreme Court's jurisdictional grant of power to enjoin under its original jurisdiction or under the necessary and proper clause. 7 N.T.C. § 303. The Supreme Court cannot grant an injunction in this case. The petition for injunctive relief is denied and the petition is dismissed.